UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY RICHARDSON,

    Petitioner,

v.

MYRON L. BATTS,

    Respondent.
_____/

Case No. 17-cv-10950

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING
LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Henry Richardson, currently confined at the Federal Correctional Institution in Memphis, Tennessee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging his 1998 convictions for possession of less than fifty grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv); and possession of less than twenty-five grams of cocaine, Mich. Comp. Laws § 333.7403(a)(5). For the reasons stated below, the Court summarily denies the petition for a writ of habeas corpus with prejudice.

**I. BACKGROUND**

Petitioner pled guilty in the Wayne County Circuit Court to possession with intent to deliver less than fifty grams of cocaine in Case # 97-00554-01-FH, and to possession of less than twenty-five grams of cocaine in Case # 97-004958-01-FH. On October 27, 1998, Petitioner was sentenced to lifetime probation on the possession with intent to deliver less than fifty grams of cocaine conviction, and three years' probation for the possession of cocaine conviction. By his own admission, Petitioner has been discharged from these sentences and is no longer in custody for these convictions. A review of the Wayne County Circuit Court docket sheets shows that

1

Petitioner was discharged from probation in both cases on May 26, 2004, after having been found to have violated the terms of his probation.[1]

Subsequent to his discharge from probation, Petitioner pleaded guilty in federal court to (i) possession of more than 50 grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), as well as aiding and abetting in violation of 18 U.S.C. § 2; (ii) possession of more than 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), as well as aiding and abetting in violation of 18 U.S.C. § 2; and (iii) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), as well as aiding and abetting in violation of 18 U.S.C. § 2. Petitioner was sentenced to 300 months on the two federal cocaine charges, and he received a consecutive 60-month sentence on the firearms charge. See United States v. Richardson, No. 2:06-CV-20676 (E.D. Mich.).

In 2015, Petitioner filed a post-conviction motion for relief from judgment in the state trial court, in which he challenged his two 1998 state-court convictions. The trial court denied the motion. People v. Richardson, No. 97-004958-01-FH, 97-00554-01-FH (Wayne Cty.Cir. Ct. July 15, 2015). The Michigan appellate courts denied Petitioner leave to appeal. People v. Richardson, No. 330551 (Mich. Ct. App. June 15, 2016), leave denied, 888 N.W.2d 99 (Mich. 2017).

Petitioner seeks a writ of habeas corpus on the following grounds:

i. "The petitioner's guilty plea was based on illegal sentences rendering the guilty plea involuntary and the judgment void in violation of due process."

---

[1] The Court obtained some of the information for Petitioner's two cases from the Wayne County Circuit Court website, www.cmspublic.3rdcc.org., of which the Court is able to take judicial notice. See, e.g., Graham v. Smith, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003). The Michigan Department of Corrections' Offender Tracking Information System ("OTIS"), www.mdocweb.state.mi.us/otis2/otis2.html, of which this Court is also permitted to take judicial notice, see Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004), indicates that Petitioner is not in prison, on parole, or on probation with the Michigan Department of Corrections for any state convictions.

> ii. "Counsel provided ineffective assistance by having Petitioner agree to illegal sentences in violation of the Petitioner's Sixth Amendment right to effective [assistance of] counsel."

Pet'r Br. at 5, 11.

## II. ANALYSIS

The Court denies the habeas petition because the Court lacks jurisdiction over the petition, due to the fact that Petitioner is no longer in custody for his two 1998 state-court convictions.

The language of 28 U.S.C. §§ 2241(c)(3) and 2254(a) requires that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. See Maleng v. Cook, 490 U.S. 488, 490-491 (1989). A habeas petitioner is no longer "in custody," for purposes of a conviction imposed, after the sentence on that conviction has fully expired. Id. at 492-493; see also Clemons v. Mendez, 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). The "in custody" requirement is jurisdictional. See Foster v. Booher, 296 F.3d 947, 949 (10th Cir. 2002).

Petitioner acknowledges that his sentences on his two 1998 drug convictions have expired, but he seeks to challenge them on the ground that the convictions have been used to enhance his sentence on his subsequent federal convictions.

In Lackawanna County District Attorney v. Coss, the Supreme Court held that, once a state conviction is no longer open to direct or collateral attack in its own right because the petitioner failed to pursue those remedies while they were available (or because he or she did so unsuccessfully), the conviction may be regarded as conclusively valid. 532 U.S. 394, 403-404 (2001). Therefore, if that conviction is later used to enhance a criminal sentence, a habeas petitioner generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. Id.

3

However, the Supreme Court recognized an exception to the general rule for § 2254 petitions for challenges to an enhanced sentence on the basis that the prior conviction used to enhance the sentence was unconstitutionally obtained, where there was a failure to appoint counsel for the petitioner in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). Id. at 404. The Supreme Court noted that the "'failure to appoint counsel for an indigent [is] a unique constitutional defect . . . ris[ing] to the level of a jurisdictional defect,' which therefore warrants special treatment among alleged constitutional violations." Lackawanna, 532 U.S. at 404 (quoting Custis v. United States, 511 U.S. 485, 496 (1994)). In other words, when "an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." Id.

In the present case, Petitioner does not allege that the Wayne County Circuit Court failed to appoint counsel to represent him in his two drug cases. Petitioner acknowledges that counsel was appointed for him, but he claims that trial counsel was ineffective. Although Petitioner claims that his trial counsel was ineffective, this is not akin to the failure by the trial court to appoint counsel for Petitioner. Because Petitioner was represented by counsel when he pled guilty to the two cocaine charges, his case does not fall within the exception set out in Lackawanna. See Kerr v. Hedrick, 89 F. App'x 962, 963 (6th Cir. 2004) (holding that the Lackawanna exceptions did not apply because the petitioner had counsel when he pled guilty and the Michigan court system provides a forum for defendant to challenge their convictions).

The Court realizes that a three-judge plurality in Lackawanna recognized that there might be other exceptions to this rule, in situations where the subsequent federal habeas petition is "the first and only forum available for review of the prior conviction." Lackawanna, 532 U.S. at 405-406. Specifically, the plurality acknowledged two exceptions: (i) where a state court, without

4

justification, refuses to rule on a constitutional claim that has been properly presented; and (ii) where a defendant subsequently obtains "compelling evidence that he is actually innocent." Id.

In the present case, Petitioner has failed to show that the state courts refused to rule on constitutional claims that he had properly presented to them for review. Nor has Petitioner presented this Court with compelling evidence that he is actually innocent of the two drug convictions to which he pled guilty. In any event, Petitioner had an available forum for review of his two 1998 drug convictions, in that he sought post-conviction relief in the state courts. Accordingly, the second Lackawanna exception does not apply. Kerr, 89 F. App'x at 963.

Petitioner is no longer serving a sentence for his 1998 convictions for possession with intent to deliver less than fifty grams of cocaine or possession of less than twenty-five grams of cocaine. Because Petitioner's sentences have been served on these convictions, he is no longer in custody for these convictions and, therefore, the Court lacks subject-matter jurisdiction over his habeas petition with respect to those convictions. See Steverson v. Summers, 258 F.3d 520, 523 (6th Cir. 2001).

### III. CONCLUSION

For the reasons stated above, the Court summarily denies the petition for writ of habeas corpus.

The Court also denies a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473,

484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; see also Strayhorn v. Booker, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court denies Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner failed to meet the "in custody' requirement for maintaining a habeas action with respect to his convictions. See, e.g., Finkelstein v. Spitzer, 155 F.3d 131, 133 (2d Cir. 2006). The Court further denies Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous. Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

SO ORDERED.

Dated: May 17, 2017  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 17, 2017.

s/Karri Sandusky  
Case Manager